UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR LEONARDO BUYUCUE PENA, A- 241-001-059,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-07889-TLN-CKD P

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636 and the court's order dated September 29, 2026. (ECF No. 5.) Petitioner proceeds pro se and has requested the appointment of counsel. (ECF No. 3.) On October 8, 2026, respondent filed a combined motion to dismiss and answer. (ECF No. 9.) Petitioner opposed the motion to dismiss. (ECF No. 11.) For the reasons set forth below, the undersigned recommends the court grant the petition in part, and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native and citizen of Colombia who entered the United States on or about May 23, 2022. (ECF No. 9 at 10.) On that same date, petitioner was issued an I-862 Notice to Appeal and released on his own recognizance. (Id. at 15.)

On or about August 6, 2026, immigration officials encountered petitioner in jail in Utah while they were conducting jail checks. (ECF No. 9 at 15.) Petitioner has been detained by immigration officials since on or about August 15, 2026. (Id. at 16.)

Petitioner was served with a Notice to Appear on or about August 16, 2026, alleging he was present in the United States without having been admitted or paroled and charging him with being subject to removal pursuant to INA § 212(a)(6)(A)(i). (ECF No. 9 at 10.) Petitioner filed the present petition on September 25, 2026, alleging he was entitled to a pre-deprivation hearing prior to being re-detained in immigration detention. (ECF No. 1 at 6-7.) He seeks release from custody. (Id. at 8.)

Respondents assert petitioner is lawfully detained under the Laken Riley Act which requires mandatory detention. (ECF No. 9 at 1.) Petitioner responds that he does not qualify for mandatory detention under 28 U.S.C. § 1225(c). (ECF No. 11 at 1, 6.) Petitioner also maintains he should be released based on the lack of a pre-deprivation hearing before a neutral decisionmaker. (Id. at 3-4.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

Respondents argue petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) because he has been charged as inadmissible and was "arrested for offenses that cause serious bodily injury." (ECF No. 9 at 2.) Under §1226(c)(1)(E), noncitizens are subject to mandatory detention if they are "inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a)" and charged with or arrested for any crime that results in "serious bodily injury" to another person. 8 U.S.C.A. § 1226(c)(1)(E). Here, petitioner is charged with being inadmissible

under INA § 212(a)(7)(A)(i)(I). (ECF No. 8 at 36.) However, respondent has not shown petitioner is charged with or was arrested for a crime that resulted in serious bodily injury to another person.

Respondent submits a RAP sheet indicating petitioner was arrested for aggravated assault, in violation of Utah Code § 76-5-103(2)+(3A), and domestic violence – strangulation/choking, in violation of Utah Code § 76-5-114(2C). (ECF No. 9 at 23-24.) Respondent argues these offenses involve serious bodily injury under Utah Code § 76-1-101.5, which means bodily injury that creates a substantial risk of death, causes serious permanent disfigurement or results in protracted loss or impairment of the function of any bodily member or organ. (Id. at 2.) However, respondent points to no other authority or evidence in support of the argument. Under the statute, mandatory detention is only permitted if serious bodily injury was the result of the crime for which the noncitizen was arrested, not merely a possible result. Respondent has not shown petitioner's detention is authorized by 8 U.S.C. § 1226(c)(1)(E) because of arrest for a crime that resulted in serious bodily injury to another person.

Since respondent fails to show that petitioner's detention is authorized by 8 U.S.C. § 1226(c)(1)(E), the undersigned finds the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Rather than a bond hearing, petitioner seeks release from custody. The record indicates petitioner had a liberty interest in his continued freedom protected by the Due Process Clause because he was previously released from ICE custody on an order of release on own recognizance. "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-

CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026); see also, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention); Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely in the community for approximately four years).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation of this private interest is considerable because there is no indication petitioner has been afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing.

On the other hand, respondent may have a legitimate interest in petitioner's detention based on the facts underlying petitioner's criminal arrest that preceded his present period of immigration detention. The undersigned recommends petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy rather than outright release. See Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("where the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for [any] failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release"); Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest where the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report").

////

**IV. Order and Recommendation**

For the reasons set forth above, IT IS ORDERED that petitioner's motion to appoint counsel (ECF No. 3) is DENIED.

In addition, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted in part as follows.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 buyu7889.mer